James M. Morgan and Charles W. Knoer, Petitioners *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

Argued March 8, 1979, before President Judge BOWMAN and Judges WILKINSON, JR. and MENCER, sitting as a panel of three.

*Vincent C. Murovich,* for petitioner.

*John L. Heaton,* Assistant Attorney General, Chief Counsel, for respondent.

OPINION BY JUDGE MENCER, June 12, 1979:

Corporal James M. Morgan and Trooper Charles W. Knoer (appellants), of the Pennsylvania State Police, have appealed from 5-day suspensions imposed by a disciplinary board for violations of the State Police Field Regulations (F.R.). We affirm.

"Second level" disciplinary charges were brought against appellants in September 1977, alleging violations of the regulations regarding the consumption of alcohol while off duty. The maximum possible penalty for a second-level offense is a 30-day suspension. F.R. 3-3, §3.06(B). The charges were heard by a disciplinary board which imposed a 5-day suspension on each appellant. This action was approved and made final by the department disciplinary officer, and this appeal follows.

Appellants contend they were denied due process by the regulation which prohibits the active participation of counsel at second-level disciplinary hearings except in the discretion of the chairman of the disciplinary

board. F.R. 3-3, §3.07(B)(1)(f). We cannot agree that due process requires counsel to be allowed to participate at all second-level disciplinary hearings.[1]

"[T]he interpretation and application of the Due Process Clause are intensely practical matters and ... '[t]he very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation.' " *Goss v. Lopez,* 419 U.S. 565, 577 (1975). In holding that there is no right to have counsel present during summary courts-martial, where a possible penalty is 30 days at hard labor, the United States Supreme Court made the following observations:

> In short, presence of counsel will turn a brief, informal hearing which may be quickly convened and rapidly concluded into an attenuated proceeding which consumes the resources of the military to a degree which Congress could properly have felt to be beyond what is warranted by the relative insignificance of the offenses being tried. Such a lengthy proceeding is a particular burden to the Armed Forces because virtually all the participants ... are members of the military whose time may be better spent than in possibly protracted disputes over the imposition of discipline. (Footnote omitted.)

*Middendorf v. Henry,* 425 U.S. 25, 45-46 (1976).

These remarks apply equally well to second-level disciplinary proceedings in the Pennsylvania State Police, a quasi-military organization. Second-level offenses range from using disrespectful language toward

---

[1] Offenses more serious than second-level offenses, *i.e.,* "third level" offenses, must be heard by a court-martial board, and the accused is entitled to active participation of counsel at the court-martial.

other policemen to gambling and gross neglect. F.R. 3-3 (Appendage 1). Appropriate officials could have reasonably concluded that the active participation of counsel in many second-level cases would unduly prolong or complicate relatively simple matters for which only minimal discipline would be warranted. In view of the almost infinite variations of facts and circumstances which may arise, we believe it proper to allow the chairman in a particular case the discretion to determine the extent to which the participation of counsel is necessary. *Cf. Goss v. Lopez, supra,* 419 U.S. at 583-84 (disciplinarian may determine whether school students facing short suspensions are in need of counsel); *Gagnon v. Scarpelli,* 411 U.S. 778, 790 (1973) (responsible agency must have broad discretion to determine on a case-by-case basis whether counsel should be appointed in parole revocation proceedings).

It should be noted that the regulation in question allows counsel to be present at the hearing and to consult with and advise his client in all cases; it is only the active participation of counsel which is limited. In this particular case, moreover, counsel was permitted to take a very active role. Although he was not permitted to conduct the examination or cross-examination of witnesses, he was permitted to make opening and closing statements, object to evidence, and even to question some witnesses at critical points. Throughout the hearing, he was permitted to consult with his clients freely. Under these circumstances, we perceive no denial of due process, nor can we hold that the chairman abused his discretion in unduly limiting the participation of counsel.

Appellants' remaining arguments can be briefly answered. We are aware of no principle of constitutional law requiring the disclosure of an agency's investigative report or list of probable witnesses, nor

have appellants cited any case establishing such a principle. Overwhelming nonhearsay evidence exists in the record to support the disciplinary board's decision, and any error in the admission of hearsay evidence must therefore be considered harmless.

ORDER

AND Now, this 12th day of June, 1979, the orders of the Pennsylvania State Police Department Disciplinary Officer dated April 20, 1978, suspending Corporal James M. Morgan and Trooper Charles W. Knoer from active duty for a period of 5 days, are hereby affirmed.