## Lee W. Robbins, Petitioner *v.* Workmen's Compensation Appeal Board (Mason-Dixon Line, Inc.), Respondents.

Argued June 4, 1985, before Judges ROGERS, BARRY and PALLADINO, sitting as a panel of three.

*Neil Sagot*, with him, *Michael Patrick Boyle, Sagot & Jennings*, for petitioner.

*Paul L. Zeigler*, with him, *David C. Miller, Goldberg, Evans & Katzman, P. C.*, for respondent, Mason-Dixon Line, Inc.

OPINION BY JUDGE ROGERS, August 21, 1985:

The question for decision in this appeal is that of whether Lee W. Robbins (claimant), a resident of Morrisville, Pennsylvania, who had been employed by Mason-Dixon Line, Inc. (employer) as a truck driver by contract of hire made in Tennessee, the employer's headquarters, and who suffered injuries from a work-related heart attack in South Carolina, is entitled to the benefits provided by The Pennsylvania Workmen's Compensation Act (Act).[1]

Section 305.2 of the Act, 77 P.S. §411.2, provides, relevantly:

> (a) If an employe, while working outside the territorial limits of this State, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this act had such injury occurred within this State, such employe, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this act, provided that at the time of such injury: (1) His employment is principally localized in this State. . .
>
> . . . .
>
> (d) As used in this section: . . . . (4) A person's employment is principally localized in this or another state when
>
> (i) his employer has a place of business in this or such other state and he regularly works at or from such place of business, or
>
> . . . .
>
> (iii) if clause (i) . . . foregoing [is] not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1031.

Pursuant to Section 305.2, the claimant, having suffered an injury while working outside Pennsylvania on account of which he would have been entitled to benefits under the Act had it occurred in Pennsylvania, would be entitled to benefits of the Act if his employment is principally localized in Pennsylvania; that is, (1) if his employer has a place of business in Pennsylvania at or from which the claimant regularly worked or (2) if he spent a substantial part of his working time in Pennsylvania.[2]

The referee found that the claimant resided in Morrisville, Pennsylvania; that the employer contracted to hire him in Kingsport, Tennessee; that the claimant got his base assignments for work out of the terminal used by the employer located in Morrisville; that although the claimant was given work at other terminals around the nation including Kingsport, Tennessee, his originating assignments came from Morrisville; and that the claimant's home terminal was Morrisville. The referee concluded in effect that the claimant's work was principally localized in Pennsylvania and granted benefits (but suspended disability payments because the claimant had returned to work).

The Workmen's Compensation Appeal Board (board) reversed, holding that the claimant was not entitled to the benefits of the Act because the contract for hire was not made in Pennsylvania; because, as the board viewed the facts, the employer had no place of business in Pennsylvania; because the employer directed the claimant's activities from Tennessee; and because the claimant's employment was not "substantially localized" in Pennsylvania.

Our study of the statute, the sparse case law and the record facts impels us to conclude that the ref-

---

[2] Clause (ii) of Section 305.2(d)(4) places a limitation on the application of Clause (i) not applicable in the claimant's case.

eree's findings are supported by the evidence and that his conclusion that the claimant's employment was principally localized in Pennsylvania was correct. We believe that the record clearly supports the claimant's contention that the employer had a place of business in Pennsylvania from which the claimant regularly worked and that the claimant, a domiciliary of Pennsylvania, spent a substantial part of his working time in Pennsylvania, thus bringing him within both subclause (i) and (iii) of Section 305.2(d)(4).

Did the employer have a place of business in Pennsylvania? The facts in this regard are that the employer used a truck terminal in Morrisville; that it had an agent there who kept a list or "board" of the trucks and drivers under contract to the employer;[3] that the agent dispatched these trucks and drivers, as available, to pick up loads and deliver them throughout the employer's eighteen state territory; that the claimant, as were other drivers, was required when he finished an assignment to get on the "board" with an employer's agent at a terminal not more than two hours from his then location; that the employer's drivers received their road expense in cash advanced by the employer's agent; and that the employer had agents at at least five other terminals in Pennsylvania. Clearly, the Morrisville terminal and other Pennsylvania terminals where the employer's agents acted for the employer in these important capacities were places of business. The claimant has called to our attention 42 Pa. C. S. §5301 providing that the carrying on in Pennsylvania by a corporation of a continuous and systematic part of its business is sufficient for Pennsylvania tribunals to exercise jurisdiction and 42 Pa. C. S. §5322(a)(1)

---

[3] The claimant drove a truck registered in his wife's name. There is no question that he was Mason-Dixon's employee.

providing that a Pennsylvania tribunal may exercise jurisdiction over persons and corporations which transact any business here and that transacting business is defined at 42 Pa. C. S. §5322(a)(1)(iii) as including the shipping of merchandise into or through the Commonwealth.

Did the claimant regularly work at or from the Morrisville terminal? The claimant testified that his home office was the Morrisville terminal; that when he came home he signed in for work there; that he reported there whenever he did not have a load to take elsewhere;[4] and that by the employer's instruction his truck was registered in Pennsylvania and carried a sign stating that it, the truck, was domiciled in Pennsylvania. The employer's director of safety testified that the claimant was assigned to Morrisville; that when he was home for vacation, holidays or weekends he would be required to "sign the board"; and that this normally would be done at the Morrisville terminal. This evidence amply supports the referee's findings to the effect that the claimant worked at or from Morrisville.

Did the claimant spend a substantial part of his working time in the course of his employment in Pennsylvania? The claimant was hired in July 1979 and sustained the heart attack in January 1980. During that time 14 of the 37 loads he carried originated in Morrisville or Philadelphia; he discharged one load each in Lancaster and Beaver Falls. On nine of the assignments which did not originate in Pennsylvania he spent time driving in Pennsylvania. This, we believe, constituted a showing that he spent a substantial

[4] The claimant was also required to report to Kingsport, Tennessee each day. The employer's terminal agents were required to report to Kingsport twice each day the number of trucks available for service at that office.

part of his working time in the service of his employer in Pennsylvania.

Therefore the claimant established that his employment was principally localized in Pennsylvania by showing, pursuant to Section 305.2(d)(4)(i), that his employer had a place of business in Pennsylvania from which he regularly worked and by showing, pursuant to Section 305.2(d)(4)(iii), that he was domiciled and spent a substantial part of his working time in the service of his employer in Pennsylvania.

The cases of *Loomer v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 591, 388 A.2d 788 (1978) and *Interstate United Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 385, 424 A.2d 1015 (1981) cited by the board are instructive but quite different from this. In *Loomer* we held that a Pennsylvania employee hired in New York by a New York corporation which had no place of business in Pennsylvania could not enjoy the benefits of the Pennsylvania Act. In *Interstate* we held that a Pennsylvania employee of a Texas corporation hired in Pennsylvania was entitled to Pennsylvania benefits because he was hired in Pennsylvania and had shown that his employment was not principally localized in any state, as provided by Section 305.2(a)(2). We have here a Pennsylvania claimant hired in Tennessee, injured in South Carolina, whose employment was principally localized in this state within the definitions provided by Section 305.2(d)(4)(i) and (iii).

The order of the board is reversed and the referee's order reinstated.

Order

And Now, this 21st day of August, 1985, the order of the Workmen's Compensation Appeal Board made March 29, 1984 is reversed and the order [Award]

of Referee Michael J. Stief, Jr. dated October 25, 1982 is reinstated.