569 A.2d 1024

**Howard R. HILLER, Petitioner**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (Attilio DEBERARDINIS and HSC Transport), Respondents.**

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1989.

Decided Feb. 7, 1990.

Andrew E. DiPiero, Jr., Rutter, Turner, Solomon & DiPiero, for petitioner.

Anthony S. Blasco, Easton, for respondent, Attilio Deberardinis.

Gabriel B. Frank, Jr., for respondent, HSC Transport.

William J. McKee, LaBrum and Doak, Philadelphia, for respondent, Preston Trucking Co.

Before SMITH, J., and BARBIERI and BARRY, Senior Judges.

BARBIERI, Senior Judge.

Howard R. Hiller, (Claimant), appeals here the order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's denial of benefits for work-related injuries suffered by Claimant.

Claimant, a truck driver, claims benefits for an injury sustained on December 12, 1983 in New Jersey. He was then completing delivery of a load picked up through an agent for Preston Trucking Co. in Buffalo, New York. There were at least two different deliveries, one of which was in New York. Claimant picked up the load on December 9, 1983 and returned to his home base near Easton, Pa., where he spent the weekend and then on December 12, 1983, he drove to Port Washington, N.Y. where he made a delivery and then drove to Harrison, N.J. where he delivered the balance of his load and suffered an injury to his right knee.

Attilio Deberadinis, who owns a garage and gas station and does automobile repairs, was contacted by Wilford Stevens, a truck freight agent and partner in HSC Transport, who suggested that if Deberadinis acquired a truck, he, Stevens, could put that truck to work. Deberadinis provided a truck and trailer and met with Stevens to engage as the truck driver, Claimant, Howard R. Hiller. Hiller was recommended to Deberadinis as a competent truck driver. Deberadinis testified that he left everything in what he called his trucking business to Wilford Stevens. Thus, HSC not only assigned Claimant to trips outgoing from Pennsylvania, but HSC also collected the freight money and

managed a separate bank account in the name of Attilio Deberadinis, which was used under a power of attorney to make all disbursements in connection with Hiller's trips and, apparently, the balance would be Deberadinis' profit from the use of his truck and trailer. Stevens at all relevant times was an agent for Tryon Trucking, Inc., who administered tests for Claimant's competency to drive the truck involved. As noted, Stevens was also a partner in HSC Transport (the "S" in HSC Corporation). The referee indicates that HSC, or Wilford Stevens, got a commission from the assignments on behalf of Tryon, but did not get commissions from other trucking assignments which he procured for Claimant and Deberadinis' equipment.

Preston Trucking Company, Inc., was joined in this action by Claimant as a defendant. The facts indicate that Claimant, while on a trip to New York, called Wilford Stevens to see if there were any freight shipments in the area since his truck was now empty. He was referred by Stevens to an agent for Preston named Gary Perdue who had a two-part load for New York and New Jersey. Claimant, with Stevens' approval, arranged with Perdue to take the trip and executed an agreement called a trip lease. It was testified by an employee of Preston, Crawford Windsor, that by custom in the trade such a lease could be executed by the driver as agent for the owner, so that the trip lease ran from Deberadinis to Preston containing many provisions which are unreadable in the copy supplied to us. There is no evidence that Deberadinis authorized Claimant to execute such a trip lease which, *inter alia*, disavows any form of liability by Preston.

It would appear that we are called upon to consider as issues before us (1) which of the three named defendants, if any, is Claimant's employer for the purposes of this proceeding, (2) is Claimant's disability compensable under Pennsylvania workmen's compensation law, and (3) has Claimant established work-related injury and disability for which compensation is payable?

## I.  CLAIMANT'S EMPLOYER

■  The law as to what constitutes employment has been fully stated in the decision of this Court in *Northern Central Bank & Trust Co. v. Workmen's Compensation Appeal Board (Kontz)*, 88 Pa.Commonwealth Ct. 277, 489 A.2d 274 (1985), a case in which a police officer worked only as a substitute on Fridays directing traffic in a bank parking lot for which he was paid $5 per hour with no deductions.  It was first held that the existence of an employer-employe relationship *is a question of law* which must be determined on the basis of the facts of the individual case, citing *North Penn Transfer, Inc. v. Workmen's Compensation Appeal Board*, 61 Pa.Commonwealth Ct. 469, 434 A.2d 228 (1981);  that various indicia are set forth to be used as guides in making a determination whether an employer-employe relationship exists, citing *J. Miller Co. v. Mixter*, 2 Pa.Commonwealth Ct. 229, 277 A.2d 867 (1971); that "[the] key element is whether the alleged employer had the *right* to control the work to be done and the manner in which the work is performed," citing *North Penn Transfer, Inc.* (Emphasis in the original);  and that "it is the existence of the *right* to control which is critical irrespective of whether the control is *exercised*," citing *Mature v. Angelo*, 373 Pa. 593, 596, 97 A.2d 59, 60 (1953) (Emphasis in the original).  Ruling that the off-duty policeman was an employe, the Court relied upon the analogous case of *Smakosz v. City of Beaver Falls*, 209 Pa.Superior Ct. 115, 224 A.2d 785 (1966).

Furthermore, agreements such as the unauthorized "trip lease" may not be treated as controlling as against what constitutes employment as a matter of law.  Thus, in *Genie Trucking Line, Inc. v. American Home Assurance Co.*, 362 Pa.Superior Ct. 456, 460–61, 524 A.2d 966, 968 (1987), the Court stated:

Genie contends that the agreements with the trucking contractors provide expressly that the truckers shall have control over the operation of a leased vehicle and the person operating the same.  However, the terms of the lease are but one factor to be considered, and each case

must be decided on its own facts. If Genie were in fact to exercise control over the driver of a truck, according to the decided cases, the provisions of the agreement of lease for a truck would not bar a finding of the existence of an employer-employee relationship. Cf. *Patterson v. Workmen's Compensation Appeal Board,* supra 86 Pa. Cmwlth. [608] at 614, 485 A.2d [886] at 889 [1985] (despite provision in lease that owner/lessor relinquished all control over leased vehicle to carrier/lessee, court found that driver was employee of lessor and not lessee because, in fact, control had not been transferred.) This Court cannot, as Genie would have us do, determine solely from the provisions of Genie's standard lease, that none of the trucking contractors or their drivers could assert a successful claim against it for worker's compensation benefits.

Our study of the record in this case convinces us that HSC Transport Co. was completely dominant in the control of Claimant and his operation of Deberadinis' truck with Capriotti's (the "C" in HSC Transport) trailer at the time of his injury in New Jersey. Consequently, HSC Transport was Claimant's employer. Claimant took on the load in New York on instructions of Wilford Stevens (the "S" in HSC Transport) who actually was the architect of Claimant's entire experience with the Deberadinis equipment.

While it is true that Deberadinis provided maintenance and repairs for the truck, he gave no instructions and remained completely out of and unaware of assignments of Claimant to trucking trips. Claimant was required to contact HSC's office daily and was required to forward all paper work to HSC's office in Martins Creek, Bucks County, Pennsylvania, on HSC forms and in HSC envelopes. Stevens also approved all rates and mileage fees on all loads transported by Claimant and issued to Claimant all dispatch orders. Diane Helton (the "H" in HSC) managed all of the paper work involving Claimant and his activities as a truck driver; issued all checks for expenses and wages to Claimant paid out of a special account in the name of

Deberadinis over which account she had complete checkbook authority by virtue of a power of attorney and it was she who wrote out all paper work activities involving Claimant, including his W–2 forms, calculating Claimant's tax and social security deductions, preparing also Claimant's wage history form. As regards workmen's compensation, Claimant reported his injury immediately to Stevens and, in fact, Stevens informed Claimant that he would be covered by workmen's compensation insurance. R.R. 19a. Also, Claimant was required to comply with the rules and regulations of HSC drivers, including checking in daily with Stevens.

We have held that instructions on day-to-day operations, such as those given by Stevens to Claimant, establish in the giver of the instructions the control which determines employment. *Martin Trucking Co. v. Workmen's Compensation Appeal Board*, 30 Pa.Commonwealth Ct. 367, 373 A.2d 1168 (1977). *See also North Penn Transfer, Inc. v. Workmen's Compensation Appeal Board*, 61 Pa.Commonwealth Ct. 469, 434 A.2d 228 (1981).

## II. THE EXTRATERRITORIAL ISSUE

The referee's Conclusion of Law No. 9 purports to free from responsibility all of the named defendants, including the Preston Trucking Co., Inc., the one basic reason therefor being that the Claimant's trip on which he was injured was one in which his employer was Preston Trucking Co., and that company, apparently deemed by the referee to be the employer, could not apply compensable coverage to Claimant because "Claimant did not establish that such 'employment' was principally localized in the Commonwealth of Pennsylvania or that another state's workmen's compensation law was not applicable to Preston." R.R. 306a. We must disagree, for it is clear that the referee, with the Board's approval, failed to read correctly the legislative language as to extraterritorial employment in

Section 305.2 of The Pennsylvania Workmen's Compensation Act (Act).[1]

The relevant portions of Section 305.2 are as follows:

(a) If an employe, while working outside the territorial limits of this State, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this act had such injury occurred within this State, such employe, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this act, provided that at the time of such injury:

(1) His employment is *principally localized* in this State, ... (Emphasis added.)

. . . .

(d) As used in this section:

(4) A person's employment is *principally localized* in this or another state when (i) his employer has a place of business in this or such other state and he regularly works at or from such place of business, or (ii) having worked at or from such place of business, his duties have required him to go outside of the State not over one year, or (iii) if clauses (1) and (2) foregoing are not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state. (Emphasis added.)

It is quite clear from the quoted provisions of Section 305.2 that Claimant is entitled to compensation in Pennsylvania on the basis that his employment is *principally localized* in this state. The definition of "principally localized" is broad enough to include, without question, Claimant's employment and injury under the workmen's compensation laws of Pennsylvania in that his employment is "principally localized" in this State because his employer, HSC, has its place of business in this State and Claimant

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411.2.

"regularly works at or from such place of business",[2] his duties do not require him to "go outside of the State not over one year ...," and, in any event, "he is domiciled and spends a substantial part of his working time in the service of his employer in this ... State."

We hold that, without question, Claimant's injury in New Jersey in this case is compensable under the workmen's compensation laws of Pennsylvania. *See Robbins v. Workmen's Compensation Appeal Board (Mason–Dixon Line, Inc.)*, 91 Pa.Commonwealth Ct. 269, 496 A.2d 1349 (1985).

In conclusion on this point, we hardly think the Legislature would intend that every time a traveling employee accepted a piece of business in the interest of his employer in Pennsylvania, this automatically created a new form of employer/employee relationship with whomever was availing itself of the operation, here the trucking operation.

## III. DISABILITY AND MEDICAL EVIDENCE ISSUE

■ First of all, Claimant's compensable disability is stipulated by the parties as December 12, 1983 to November 29, 1984. R.R. 194a.[3] Also, there is an extensive medical report by Claimant's attending orthopedic surgeon, Ranjan Sachdev, M.D., R.R. 199a–1, and there was admitted in evidence, also without objection, Claimant's hospital records, all of which attest to the fact that Claimant suffered the injury as he had described it; that he had no previous injury to the knee; that he was using a crutch; that he was examined and studied by Dr. Sachdev; and that X–Ray studies revealed that his right tibia was demonstrating "compression injury." Since none of this was contested before the referee, his apparent finding of no compensable disability has been rendered without regard to applicable law in such cases. Obviously, a finding of no disability,

2. It is clear that the Claimant operated his truck without any exception that we have noted starting on each trip from Pennsylvania.

3. The Board's interpretation that the stipulation did not include agreement as to causation during the period of disability is not apparent in the record. It is of no moment, however, as will appear hereafter.

when this has been stipulated and a finding of no causal relationship, where the fact of the accident and injury is attested to by eye witnesses, including the Claimant, and where the medical testimony supports the complaints, such findings to the contrary, of course, are not supported by substantial evidence and are clearly entered in error. This is especially true, in a case like this one, where the nature of the injury and the subsequent disability therefrom hardly requires expert medical opinion. *Morgan v. Giant Markets, Inc.*, 483 Pa. 421, 397 A.2d 415 (1979); *Greene County Memorial Hospital v. Workmen's Compensation Appeal Board*, 61 Pa.Commonwealth Ct. 82, 432 A.2d 1166 (1981).

As to findings which disregard the uncontradicted evidence, our Supreme Court in *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 515 Pa. 315, 324, 528 A.2d 580, 584–85 (1987), stated, quoting, in part, from *Jasper v. Workmen's Compensation Appeal Board*, 498 Pa. 263, 266, 445 A.2d 1212, 1213 (1982) as follows:

> At the very least the findings and conclusions of the fact finder must have a rational basis in the evidence of record and demonstrate an appreciation and correct application of underlying principles of substantive law to that evidence.

For a case in which lay testimony was decisive and the existence of pain alone rendered the injury "obvious", thereby obviating the need for extensive and unequivocal medical testimony, *see Morgan v. Giant Markets, Inc.*, 483 Pa. 421, 397 A.2d 415 (1979). We note that the instant case is not one in which there is a pre-existing condition. Rather, here, there is no evidence of any prior difficulty with the injured knee.

■ Finally, we can find no basis for the referee's and Board's disregard of the stipulation of counsel, previously referred to, and we believe that such a stipulation, particularly in the absence of countervailing testimony, cannot be disregarded by a fact finder. *Klingler v. Workmen's Com-*

*pensation Appeal Board,* 50 Pa.Commonwealth Ct. 335, 338, 413 A.2d 432, 434 (1980).

In *Thomas v. Bache,* 155 Pa.Superior Ct. 224, 232–33, 38 A.2d 551, 556 (1944), *reversed on other grounds,* 351 Pa. 220, 40 A.2d 495 (1945), the Superior Court made the following statement:

> We feel obliged, at the outset, to state that the referee and the board were bound by the stipulation of facts agreed upon by the parties and filed of record at the first hearing. The compensation authorities were not at liberty to make findings contrary to, or contradictory of, the stipulated facts ... Any finding of fact which is opposed to the facts as stipulated will be disregarded.

## IV. CONCLUSION

Since, contrary to the views of the referee and Board, we find as a matter of law that HSC Transport was Claimant's Employer at the time and place of the injury; that Claimant's injury and disability is compensable under Pennsylvania law; and that Claimant's injury and disability is established as work-related, is uncontradicted and is compensable.

Accordingly, we will reverse and remand for computation of benefits and medical expenses.

## ORDER

NOW, February 7, 1990, the order of the Workmen's Compensation Appeal Board, dated November 23, 1988, No. A–92916, is hereby reversed and this case is remanded for further action pursuant to the foregoing opinion.

Jurisdiction relinquished.