586 A.2d 988

**Willard HOLLAND, Deceased, Lori Holland, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(PEP BOYS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 22, 1990.

Decided Aug. 2, 1990.

Designated as Opinion to be Reported Jan. 31, 1991.

Lawrence Solomon, Philadelphia, for petitioner.

Joseph Bekelja, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, and John Farrell, Philadelphia, for respondent.

Before McGINLEY and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Lori Holland (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's decision granting her fatal claim petition and dismissed the petition for lack of jurisdiction. We affirm.

The parties stipulated that Claimant's father, Willard Holland (Holland), was employed as a truck driver by Pep Boys (Employer). On October 15, 1986, Holland died as a result of injuries he sustained in an accident on the New Jersey Turnpike. At the time of his death, Holland was acting within the scope of his employment.

Scant evidence was introduced in this case. There were two brief hearings before a workmen's compensation referee, devoted to the Claimant's status as Holland's dependent. The Employer submitted copies of Holland's daily logs, along with a summary thereof. The referee granted the petition because he determined that Holland was a Pennsylvania domiciliary, a fact which is not contested, and that he spent a substantial part of his working time serving the Employer in Pennsylvania.

The sole issue [1] on appeal [2] is whether the Board erred in dismissing the petition under Section 305.2 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2,

[1]. Employer's motion to quash this appeal because of Claimant's failure to file her brief in a timely manner was denied by this Court's order of May 15, 1990.

[2]. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

1915, P.L. 736, *as amended,* 77 P.S. § 411.2, which pertinently provides as follows:

(a) If an employe, while working outside the territorial limits of this State, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this act had such injury occurred within this State, such employe, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this act, provided that at the time of such injury:

(1) His employment is *principally localized* in this State . . .

. . . .

(d) As used in this section:

. . . .

(4) A person's employment is *principally localized* in this or another state when (i) his employer has a place of business in this or such other state and he regularly works at or from such place of business, *or* (ii) having worked at or from such place of business, his duties have required him to go outside of the State not over one year, *or* (iii) if clauses (1) and (2) foregoing are not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state. (Emphasis added.)

The only evidence presented concerning the nature of Holland's duties and where he performed them was contained in the copies of his daily logs Employer submitted. Although the parties draw widely varying conclusions from the information contained in the logs, it is not subject to question that the logs indicate that of the 195 trips Holland logged between October 1, 1985 and October 13, 1986, only five did not originate from the Employer's Bridgeport, New Jersey location. The destination points listed on the logs indicate that Holland travelled to locations in Pennsylvania, New Jersey, Delaware, Maryland, Virginia and the District of Columbia.

In reaching his conclusion that Claimant was entitled to compensation under the Act, the referee stated:

The jurisdiction question resolved [sic] for Claimant under Section 305.2(d)(4)(iii) even though (i) would deny Claimant jurisdiction. [T]he Pennsylvania Workmen's Compensation Act favors the grant of jurisdiction. The words "if clauses (1) and (2) foregoing are not applicable" in (4) are read to mean not applicable to confer jurisdiction and therefore (iii) was relied upon.

Referee's Conclusion of Law No. 2. Claimant argues that it was error for the Board to have reversed this conclusion. We disagree.

It is clear that the three clauses of Section 305.2(d)(4) are all separate and distinct methods for determining jurisdiction under the Act. Each clause is separated from the others by the disjunctive conjunction, "or." In addition, subsection (iii) specifically limits its own application to those situations in which clauses (i) and (ii) do not apply.

Further, the purpose of Section 305.2(d)(4) is to establish a test for determining whether a person's employment is "principally localized" in Pennsylvania *or* in another state. If the circumstances of the case indicate that a worker's employment is principally localized in another state under either clause (i) or (ii) of the section, the inquiry ends and clause (iii) would not be relevant because one of the first two clauses applied.

This reading of the statute is consistent with our earlier decision in *Loomer v. Workmen's Compensation Appeal Board*, 36 Pa.Commonwealth Ct. 591, 388 A.2d 788 (1978). In *Loomer*, the employee was a traveling salesman who was domiciled in Pennsylvania. He had worked for a New York company with no place of business in Pennsylvania. Despite the fact that the employee's sales territory in Pennsylvania was much larger than his New York territory, and that he spent the majority of his time working in Pennsylvania, we nonetheless concluded that clause (i) of Section 305.2(d)(4) applied because the employer had no place of business in Pennsylvania and because the employee

regularly worked at or from the employer's New York location. Since clause (i) applied, we rejected the employee's widow's argument that clause (iii) should govern.

Claimant here argues that both clauses (i) and (iii) apply and cites our more recent decision in *Robbins v. Workmen's Compensation Appeal Board (Mason–Dixon Line, Inc.)*, 91 Pa.Commonwealth Ct. 269, 496 A.2d 1349 (1985), wherein we found jurisdiction under the Act by virtue of the application of *both* clauses (i) and (iii). In light of *Loomer* and the foregoing discussion of the statutory language, we are of the opinion that the language of *Robbins* regarding the application of clause (iii) is *dicta*, since the Claimant's employment was found to be "principally localized" in Pennsylvania under clause (i).

Claimant contends that clause (i) operates to confer jurisdiction because the Employer has stores in Pennsylvania and Claimant, by making deliveries to these stores, regularly worked "at" or "from" these locations. We must disagree.

Firstly, we cannot ignore the evidentiary deficiencies. While Claimant asserts in her brief that Holland made deliveries to Employer's stores in Pennsylvania, there is no evidence of record to support this assertion. The *only* reference to a Pep Boys' store in the record is the Claimant's statement that her father visited her weekly when making a delivery to the Pep Boys' store in Washington, D.C.

Having failed to offer evidence that the Employer has a place of business in Pennsylvania, Claimant cannot establish that Holland regularly worked at or from a place of business in Pennsylvania.

Secondly, even accepting Claimant's assertions on this point as true, what little evidence there is regarding where Holland regularly worked "at" or "from" points to New Jersey. Holland's logs indicate that he began virtually every working day from a location in Bridgeport, New Jersey. Although he often travelled to Pennsylvania, his routes took him through four other states and the District

of Columbia as well. (Claimant's analysis of the logs indicates that he was in Pennsylvania alone 26% of the days he worked and in Pennsylvania and other states an additional 20% of the time). The only constant was the Bridgeport, New Jersey location.

In both *Robbins* and *Hiller v. Workmen's Compensation Appeal Board (Deberardinis)*, 131 Pa.Commonwealth Ct. 189, 569 A.2d 1024 (1990), we were faced with determining whether a truck driver's employment was principally localized in Pennsylvania. In each, we decided that it was. In *Robbins*, the driver was a Pennsylvania resident who was hired by a Tennessee employer. Because the claimant used the Morrisville, Pennsylvania terminal as his home terminal and regularly received his work assignments there, we determined that his work was principally localized in Pennsylvania. Similarly, in *Hiller*, the claimant truck driver worked for an employer having a place of business in Pennsylvania, where he was required to check in daily. In addition, the fact that he started each road trip from Pennsylvania was evidence that he regularly worked at or from the Pennsylvania place of business.[3]

Applying the reasoning of *Robbins* and *Hiller* to the facts of this case leads us to the inescapable conclusion that Holland's employment was "principally localized" in New Jersey under Section 305.2(d)(4)(i). Because clause (i) is applicable, we need not discuss the factors of clause (iii) Claimant urges us to consider.

For these reasons, we affirm the Board's order dismissing Claimant's petition for lack of jurisdiction.

## ORDER

AND NOW, this 2nd day of August, 1990, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

**3.** As in *Robbins*, we note that there is *dicta* in *Hiller* indicating that jurisdiction would also be proper under Section 305.2(d)(4)(iii). As explained above, having concluded that clause (i) applied, there was no need to discuss application of clauses (ii) and (iii), rendering that language unnecessary to the decision.