David L. LAMBIE, Petitioner,

v.

### WORKERS' COMPENSATION APPEAL BOARD (CURRY LUMBER COMPANY), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 23, 1999.

Decided Aug. 6, 1999.

---

Peter D. Friday, Pittsburgh, for petitioner.

Cynthia M. Porta, Pittsburgh, for respondent.

Before McGINLEY, J., FLAHERTY, J., and RODGERS, Senior Judge.

FLAHERTY, Judge.

David Lambie (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of the Workers' Compensation Judge (WCJ) that determined that Pennsylvania did not have jurisdiction with respect to his work-related injury. We affirm.

Claimant filed a claim petition alleging that he sustained a low back injury on December 7, 1994, while employed by Curry Lumber Company (Employer). Employer filed an answer denying that Pennsylvania had jurisdiction over his work injury. The case was assigned to the WCJ and thereafter bifurcated to allow the WCJ to address the jurisdictional issue first.

At the WCJ's hearing, the following facts were determined. Claimant's contract for employment with Employer was made in Pennsylvania and until April of 1993, Claimant's principal place of employment was at Employer's sawmill in Smithfield, Pennsylvania. After a fire destroyed the Smithfield mill on April 27, 1993, Claimant was transferred to Employer's sawmill in Belleville, Maryland. Claimant testified that after he was transferred to Maryland, and until the time of his injury in 1994, he spent substantial amounts of time in Pennsylvania looking for lumber, building bridges and repairing machinery. He estimated that he spent two days per week working in Pennsylvania. A co-worker of Claimant, James Grogg, substantiated Claimant's testimony.

Charles Curry, a co-owner of Employer, testified that Claimant reported via telephone to Employer's Hopwood, Pennsylvania office to get his daily assignments. He testified that Claimant was transferred to Maryland as a foreman of the sawmill and was in charge of directing employee activity. On rare occasions, at most one day per month, Claimant would look for lumber in Maryland, Pennsylvania and West Virginia.

Based on the above testimony and the fact that Claimant did not have documentation to support his claim that he regularly worked in Pennsylvania, the WCJ determined that there was no jurisdiction in Pennsylvania as to Claimant's injury. On

appeal, the Board affirmed. This appeal followed.[1]

The first issue raised by Claimant is whether the WCJ and Board erred in not determining that Pennsylvania had jurisdiction over his injury.

■ A claimant who suffers an injury while working outside of the state is entitled to benefits under the Pennsylvania Workers' Compensation Act if his employment is principally localized in this state. *Robbins v. Workmen's Compensation Appeal Board (Mason–Dixon Line, Inc.)*, 91 Pa.Cmwlth. 269, 496 A.2d 1349 (1985). A claimant's employment is principally localized in this or any other state if:

(i) his employer has a place of business in this or such other state and he regularly works at or from such place of business, or (ii) having worked at or from such place of business, his duties have required him to go outside of the State not over one year, or (iii) if clauses (1) and (2) foregoing are not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state.

Section 305.2 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411.2, *added by* the Act of December 5, 1974, P.L. 782.

Initially, Claimant maintains that he presented sufficient evidence to show that pursuant to subsection (i) he regularly worked at or from Employer's Pittsburgh office. Namely, Employer is a partnership registered in Pennsylvania and maintains an office in Pennsylvania and on a daily basis Claimant received his work orders for the day from the Pennsylvania office. All paychecks were generated from the Pennsylvania office and Pennsylvania taxes were withheld from Claimant's paychecks. In addition, all records from the Maryland office were turned into the Pennsylvania office.

Claimant maintains that the above stated facts, are similar to those in *Loomer v. Workmen's Compensation Appeal Board*, 36 Pa.Cmwlth. 591, 388 A.2d 788 (1978) wherein this court determined that the claimant's employment was principally localized in New York. In *Loomer*, the claimant lived in Pennsylvania but as a sales representative was responsible for a territory which included Pennsylvania and New York. The claimant's contract for hire originated in New York, the employer's business was located in New York, the claimant was provided with a desk and required to attend weekly meetings in New York and all customer files were maintained in New York.

■ The *Loomer* facts are distinguishable from those in this case. Here, although Claimant's contract for hire originated in Pennsylvania, he was transferred to Maryland in 1993, when the sawmill in Pennsylvania was destroyed by fire. Thus, from 1993 until present, Claimant's work was almost entirely in Maryland. Also, unlike *Loomer*, who was a sales representative and had a territory she was responsible for, Claimant's main duty was that as a foreman at the Maryland site. Although Claimant testified that he worked in Pennsylvania 2 days every week, the WCJ did not accept his testimony as credible and the WCJ is free to accept or reject the testimony of any witness in whole or in part. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Cmwlth. 288, 572 A.2d 843 (1990). Additionally, although Pennsylvania state taxes were withheld from Claimant's paycheck, this was because Claimant was a resident of Pennsylvania. Moreover, although Claimant spoke with his boss in Pennsylvania on a daily basis to receive his assignments

---

1. Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Manolovich v. Workers' Compensation Appeal Board (Kay Jewelers, Inc.)*, 694 A.2d 405 (Pa.Cmwlth.1997).

and occasionally stopped at the office, such does not prove that he regularly worked at or from such office. Here, Claimant has failed to prove that he worked at the Pennsylvania location as a rule, not as the exception. *Root v. Workmen's Compensation Appeal Board (U.S. Plywood Corp.)*, 161 Pa.Cmwlth. 291, 636 A.2d 1263, 1266 (1994), *petition for allowance of appeal denied*, 538 Pa. 678, 649 A.2d 678 (1994).

■ Claimant has also not met his burden of proving that he falls within (iii) which requires that he be domiciled in Pennsylvania and that he spend a substantial part of his working time in Pennsylvania. Although Claimant is domiciled in Pennsylvania, he did not spend a substantial part of his working time in Pennsylvania. As previously stated, Claimant was the foreman of the sawmill in Maryland and the WCJ did not find that he regularly worked in Pennsylvania. Although like the claimant in *Robbins*, Claimant here received his daily instructions from Pennsylvania, the claimant in *Robbins* also proved that as a truck driver, his origination or destination points were generally in Pennsylvania, wherein he spent most of his time driving. Here, Claimant failed to prove that he regularly worked in Pennsylvania.

Next, Claimant contends that the WCJ erred in failing to articulate his reasons for making credibility determinations. Specifically, Claimant contends that the WCJ erred in failing to articulate his reason for finding the testimony of Mr. Curry more credible than that of Claimant and Mr. Grogg. However the WCJ, in his findings, reasoned why he rejected the testimony of Claimant and his witness. In F.F. No.'s 3, 5 and 6, the WCJ found that the testimony of Claimant and Mr. Grogg was unclear as to the exact amount of time Claimant spent in Pennsylvania and further that Claimant failed to present documentary evidence to support his claim.

■ Finally, Claimant contends that the WCJ did not issue a reasoned decision.

Section 422(a) of the Act requires the WCJ to issue a "reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decision so that all can determine why and how a particular result was reached." In this case, the decision of the WCJ complies with Section 422(a) of the Act. The WCJ summarized the pertinent testimony, explained why he rejected the testimony of certain witnesses and explained the rationale for his decision. *Sherrod v. Workmen's Compensation Appeal Board (Thoroughgood, Inc.)*, 666 A.2d 383 (Pa.Cmwlth.1995).

Accordingly, the order of the Board is affirmed.

### *O R D E R*

NOW, August 6, 1999, the order of the Workers' Compensation Appeal Board at No. A97–4107, dated December 3, 1998, is affirmed.