**John D. WILLIAMS, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (POHL TRANSPORTATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 25, 2010.

Decided July 29, 2010.

David F. Stern, Philadelphia, for petitioner.

Audrey J. Copeland, King of Prussia, for respondent.

Shawn C. Gooden, Philadelphia, for amicus curiae, PA Uninsured Employers Guaranty Fund.

BEFORE: LEADBETTER, President Judge, BROBSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

John D. Williams (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that reversed the decision of a Workers' Compensation Judge (WCJ) that granted a Claim Petition filed against POHL Transportation (Employer) as well as a Claim Petition for Benefits from the Uninsured Employer Guaranty Fund and Uninsured Employer. We reverse the order of the Board and reinstate the order of the WCJ granting Claimant's Petitions.

Claimant filed a Claim Petition against Employer alleging he sustained an injury to his right leg in the course and scope of his employment on June 1, 2007. Claimant subsequently filed a Penalty Petition alleging Employer violated the Pennsylvania Workers' Compensation Act (Act) Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708. Claimant alternatively filed a Claim Petition for Benefits from the Uninsured Employer Guaranty Fund and Uninsured Employer. Timely answers were filed by both Employer and the Uninsured Employer Guaranty Fund (Fund) denying Claimant's allegations. All Petitions were consolidated. The parties agreed that the issue of jurisdiction should be decided first.

Claimant, a truck driver, resides in Williamsport, Pennsylvania. Claimant submitted a log showing his miles driven for Employer from July 12, 2006 through June 1, 2007. According to Claimant, he drove approximately 111,000 total miles for Employer before sustaining his work-related injury. About 42,000 miles were driven within Pennsylvania. Claimant agreed he logged nearly 35,000 miles in Ohio. The remaining miles were allocated over various states. Claimant stated that he had the opportunity to start and stop some of his trips at his home.

Claimant explained that in seeking employment, he contacted Employer about a position and spoke to a recruiter over the phone. He elaborated that following a background check, he was invited to Versailles, Ohio. A driver for Employer picked him up at his home and drove him to Ohio. Claimant was required to submit to orientation as well as a road test, physical, and a drug test. Claimant was hired by Em-

ployer. Claimant agreed that he was injured on June 1, 2007 and that his injury occurred in Vermont. He agreed that he received workers' compensation benefits in Ohio. He has since ceased receiving wage loss benefits under the laws of Ohio.

Employer presented the testimony of Brian Pohl, its general manager, who explained that a potential employee must undergo a road test, submit to a physical, and agree to drug testing before he can be hired. That was the purpose behind bringing Claimant to Versailles, Ohio. Claimant successfully passed all tests and was hired. Claimant did not receive pay for time at orientation. *Once hired, he was paid by the mile.* Mr. Pohl stated that dispatching takes place in Ohio. Employer does not maintain any drop areas in Pennsylvania, although it has clients with drop areas within the Commonwealth. Employer does not operate any facilities anywhere other than its main office in Ohio.

David Pohl, Vice President of Finance, also testified on behalf of Employer. He agreed Employer has no place of business in Pennsylvania and maintains no drop areas within the Commonwealth.

By an interlocutory order issued April 11, 2008, the WCJ found Claimant's employment was "principally localized" in Pennsylvania inasmuch as Claimant is domiciled in Pennsylvania and a substantial part of his work was conducted within the Commonwealth. Reproduced Record (R.R.) at 18a. In concluding that a substantial part of Claimant's work was conducted within Pennsylvania, the WCJ noted that Claimant was permitted to begin and end trips at his home in Williamsport, that trip logs showed that over one-third of the miles traveled by Claimant in the course and scope of employment were within Pennsylvania, and that although he would receive assignments from dispatch located in Ohio, he did not regularly work at or from an Ohio terminal.

On November 17, 2008, the WCJ issued a final decision based on a stipulation of facts. The WCJ granted Claimant's Claim Petition filed against Employer without waiver of the right to appeal the issue of jurisdiction. He awarded total disability benefits with certain credits given for benefits paid under the Ohio claim. The WCJ specified that Claimant's work-related medical bills are currently being paid under the Ohio claim. The WCJ determined that Employer shall assume responsibility for Claimant's work-related medical bills in the event that there is a change in status in the Ohio claim. He marked the Penalty Petition filed against Employer withdrawn. The WCJ also granted the Petition filed against the Fund. In the event that Employer defaults on its obligation, the WCJ concluded the Fund was secondarily liable for payment of benefits in Pennsylvania. The WCJ incorporated by reference the contents of his April 2008 Interlocutory Order.

On appeal, the Board reversed the WCJ's determination that jurisdiction lies within the Commonwealth. The Board found that Employer was located in Ohio, that Claimant was hired at an Ohio location, and that he received his assignments from Ohio. Although the Board agreed Claimant traveled throughout the state, it found Claimant did not "primarily work in Pennsylvania." R.R. at 44a. This appeal followed.[1]

---

1. Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated. *Phoenixville Hosp. v. Workers' Compensation Appeal Board (Shoap)*, 2 A.3d 689 (Pa.Cmwlth.2010).

Claimant argues on appeal that the Board erred in reversing the WCJ's determination that subject matter jurisdiction over Claimant's work injury properly lies within the Commonwealth. According to Claimant, his employment was "principally localized" within Pennsylvania as that term is defined in the Act. He posits that he is domiciled in Pennsylvania and spent a "substantial" part of his working time furthering Employer's business within the Commonwealth. Claimant asserts that the Board misapplied statutory authority as well as case law in finding to the contrary.[2]

Jurisdiction can be invoked for out-of-state injuries through the extraterritorial provisions established in Section 305.2 of the Act, added by Section 9 of the Act of December 5, 1974, P.L. 782, 77 P.S. § 411.2, that provides, in pertinent part:

(a) If an employe, while working outside the territorial limits of this State, suffers an injury on account of which he ... would have been entitled to the benefits provided by this act had such injury occurred within this State, such employe ... shall be entitled to the benefits provided by this act, provided that at the time of such injury:

(1) *His employment is principally localized* in this State, or

(2) He is working under a contract of hire made in this State in employment not principally localized in any state ...

...

(d) As used in this section:

...

(4) A person's employment is *principally localized* in this or another state when (i) his employer has a place of business in this or such other state

and he regularly works at or from such place of business, or (ii) having worked at or from such place of business, his duties have required him to go outside of the State not over one year, or (iii) if clauses (1) and (2) foregoing are not applicable, he is *domiciled* and spends a *substantial part of his working time* in the service of his employer in this or such other state.

(5) An employe whose duties require him to travel regularly in the service of his employer in this and one or more other states may, by written agreement with his employer, provide that his employment is principally localized in this or another such state, and, unless such other state refuses jurisdiction, such agreement shall be given effect under this act.... (Emphasis added).

 A claimant has the burden of proof to establish jurisdiction in Pennsylvania for his workers' compensation claim. *Atkins v. Workmen's Compensation Appeal Board (Geo–Con, Inc.)*, 651 A.2d 694 (Pa.Cmwlth.1994). The focus of Section 305.2 of the Act is on the claimant's employment, not on the employer. *Interstate Carriers Coop. v. Workmen's Compensation Appeal Board (DeSanto, Jr.)*, 66 Pa. Cmwlth. 288, 443 A.2d 1376 (1982). An award of workers' compensation benefits in another state does not preclude an employee from seeking benefits in Pennsylvania. *Denison v. Workmen's Compensation Appeal Board (Insulcon Co.)*, 157 Pa. Cmwlth. 553, 630 A.2d 544 (1993). The claimant must still meet his burden of proving he is entitled to benefits under Pennsylvania law; *i.e.,* that he is disabled by a work-related injury. *Id.* at 557.

---

**2.** The Fund filed a brief entitled "Brief Filed By Respondent, Pa. Uninsured Employers Guaranty Fund." By order dated May 4, 2010, this Court deemed that the Fund's brief shall be treated as an amicus curiae brief.

The three clauses of Section 305.2(d)(4) of the Act are all separate and distinct methods for determining jurisdiction under the Act. *Holland v. Workmen's Compensation Appeal Board (Pep Boys)*, 137 Pa.Cmwlth. 22, 586 A.2d 988 (1990). In finding employment is principally localized in a given state pursuant to Section 305.2(a)(1) and (d)(4)(i) of the Act in terms of whether a claimant regularly works at a place of business within that state, one must consider whether the claimant worked at that location as a rule and not as an exception. *Goldberg v. Workers' Compensation Appeal Board (Star Enterprises)*, 696 A.2d 263 (Pa.Cmwlth.1997). *See also Macomber v. Workers' Compensation Appeal Board (Penske Transp. Serv.)*, 837 A.2d 1283 (Pa.Cmwlth.2003)(holding employment was principally localized in New Jersey when the employer had a place of business in that state and each day the claimant went to that location to pick up his truck, he got his orders there, and returned to that site at the end of the day); *Atkins*, 651 A.2d at 699 (holding that the claimant did not work within Pennsylvania as a rule, but rather spent an equal amount of time working in Pennsylvania as well as other states).

If the injured worker's employment is determined to be principally localized in this state or another by either clause (i) or (ii) of Section 305.2(d)(4) of the Act, there is no need to proceed to clause (iii). *Holland*, 586 A.2d at 990. In the event the facts warrant application of the latter provision, it must be determined whether the claimant is domiciled in Pennsylvania and spends a "substantial part of his working time" in the Commonwealth.

This Court has previously had the opportunity to review what it means for an employee to spend a "substantial part of his working time" in this Commonwealth for the purposes of determining whether his employment is "principally localized" in this state. In *Robbins v. Workmen's Compensation Appeal Board (Mason–Dixon Line, Inc.)*, 91 Pa.Cmwlth. 269, 496 A.2d 1349 (1985), the claimant, also a truck driver, had 15 of his 37 loads, or 40%, originate in Morrisville, Pennsylvania or Philadelphia, Pennsylvania. He dispatched one load each in Lancaster and Beaver Falls, Pennsylvania. Further, on nine assignments that did not originate in Pennsylvania, the claimant spent time driving through Pennsylvania. We found that these facts supported a finding that the claimant spent a substantial part of his working time in the service of his employer in Pennsylvania.[3]

In *Lambie v. Workers' Compensation Appeal Board (Curry Lumber Co.)*, 736 A.2d 67 (Pa.Cmwlth.1999), this Court declined to apply the holding of *Robbins* to find the injured worker spent a substantial amount of working time looking for lumber in Pennsylvania. The claimant in that case worked at a saw mill in Maryland. He testified that he spent approximately two days per week working within Pennsylvania. A coworker corroborated the claimant's testimony. The employer's co-owner disagreed with this assessment and indicated that, at most, the claimant would look for lumber in Maryland, Pennsylvania, and West Virginia one day per month. The WCJ rejected the claimant's testimony and that of the coworker because it was

---

**3.** *Robbins* was followed in *Hiller v. Workmen's Compensation Appeal Board (Deberardinis)*, 131 Pa.Cmwlth. 189, 569 A.2d 1024 (1990). Therein, this Court held that the injured worker properly brought a claim within Pennsylvania where his employer had a place of business within the Commonwealth and the claimant regularly worked at that place of business. Alternatively, we found that the employee was domiciled in Pennsylvania and spent a substantial part of his working time in this state.

unclear as to the exact amount of time the claimant spent within the Commonwealth. Further, the WCJ noted a lack of documentary evidence supporting the claimant's claim. In light of the WCJ's credibility determinations, we found the claimant failed to prove he spent a substantial amount of his working time in Pennsylvania.

■ Upon review of the aforementioned, we agree with Claimant that the WCJ was correct in the first instance to find jurisdiction over his claim to workers' compensation benefits properly lies within Pennsylvania. Claimant, who sustained an injury in Vermont, had the burden of proof in this proceeding to establish jurisdiction in the Commonwealth. *Atkins.* Because he sustained an injury outside the territorial limits of this State, Claimant had to pursue relief under Section 305.2 of the Act. Pursuant to Section 305.2(a)(1) of the Act, Claimant had the option of establishing that his employment was "principally localized" in this State.

Subsection (d)(4) of Section 305.2 of the Act provides three separate and distinct methods for determining whether employment is "principally localized" within Pennsylvania. *Holland.* Neither clause (i) or (ii) of Section 305.2(d)(4) of the Act are applicable to the instant matter as Employer does not have a place of business in Pennsylvania. Thus, consistent with the determination made by the WCJ, our focus shifts to Section 305.2(d)(4)(iii) of the Act. *Holland.* That subsection provides that Claimant's employment is "principally localized" within this state if he established he is domiciled in Pennsylvania and spends a substantial part of his working time in the service of Employer in this Commonwealth.

There is no dispute that Claimant is domiciled in Pennsylvania. The crux of this appeal is whether Claimant spends a substantial part of his working time in Pennsylvania. In analyzing this remaining issue, the emphasis is on Claimant's employment, not on Employer. *DeSanto, Jr.* Moreover, we take note that under principles of statutory construction, words and phrases are to be construed according to their common and approved usage. *Macomber,* 837 A.2d at 1287. The term "substantial" is defined as "considerable in quantity" or "being largely but not wholly that which is specified." Merriam–Webster's Collegiate Dictionary 1174 (10th ed. 1997).

The uncontradicted evidence submitted into the record concerning Claimant's work time is the testimony of Claimant and his driver's log. That evidence indicates that of the 110,751 miles Claimant has driven for Employer, 42,000 miles, or 38% of Claimant's work time, has been spent in Pennsylvania. Claimant drove 35,187 miles, 32% of his work time, in Ohio. The remaining 30% of Claimant's work time was spent driving in 19 other states. This breakdown reveals that Claimant spent the largest portion of his time driving in Pennsylvania. It is indisputable that time spent driving is work time as Claimant was paid by the mile. He was not paid by the load or any other method. When not driving, Claimant was not generating earnings.

Claimant spent the greatest percentage of his time driving in Pennsylvania. In order to be principally localized in Pennsylvania, Section 305.2(d)(4)(iii) does not require Claimant to spend a majority of his working time in this state, but rather only a substantial part of his working time. Determining what a substantial part is requires a comparison with the working time spent elsewhere. He spent approximately 6% more time driving in Pennsylvania than he did the next most highly traveled state, Ohio. No other state was even close in

mileage. The record firmly establishes Claimant spent a considerable part of his work time traveling in Pennsylvania thereby meeting the definition of "substantial." *Macomber.* His drive time was not spent completely within this state, but we cannot say he did not spend a substantial part of his work time driving in this state.[4]

In so finding, we point out a difference in terminology used in Section 305.2(d)(4)(i) compared to Section 305.2(d)(4)(iii) of the Act to establish jurisdiction. The former subsection requires a place of business in Pennsylvania and proof that the claimant "regularly works" at or from that place of business. To satisfy the requirement that the claimant regularly works at or from a Pennsylvania location, this Court has required proof that the injured worker worked at that location as a general rule, not as an exception. *Goldberg, Macomber, Atkins.* The standard in regard to work time is not as heavy for the latter subsection. When the factor concerning domicile is added, the claimant is no longer required to show he regularly works at or from a facility in Pennsylvania, he is only required to show a substantial part of his work time is spent within the Commonwealth.[5]

We recognize that the language in *Robbins* and *Hiller* concerning whether the injured workers satisfied the standard under Section 305.2(d)(4)(iii) of the Act was deemed dicta in *Holland* inasmuch as the claimants satisfied the elements under Section 305.2(d)(4)(i) of the Act. Therefore, there was no need to address Section 305.2(d)(4)(iii) of the Act. We nonetheless find the analysis in *Robbins* concerning whether the claimant spent a substantial part of his work time in Pennsylvania persuasive. In that case, we found the claimant satisfied his burden in this regard when 40% of his loads originated in Pennsylvania and of the

4. We acknowledge that Employer and the Fund contend Claimant spent more time driving outside of Pennsylvania than in the state. They assert Claimant spent 62% of his time driving outside of the Commonwealth. All that is required by Section 305.2(d)(4)(iii) of the Act is that Claimant work a "substantial" amount of time within the Commonwealth. We believe that Claimant's evidence showing Claimant spent 38% of his time working in Pennsylvania, the largest percentage allocated to any state, is sufficient to meet his burden.

5. Claimant relies heavily on *Owens v. Workers' Compensation Appeal Board (G.D. Leasing of Indiana)*, 769 A.2d 1220 (Pa.Cmwlth.2001), to support his claim that he spent a substantial amount of his work time in Pennsylvania. Claimant's reliance is misplaced. The claimant in that case was injured outside of Pennsylvania, yet filed a claim for benefits within the Commonwealth. The WCJ found that the claimant's employment was "principally localized" in Pennsylvania because the employer "had a place of business" in this state that the claimant "regularly worked from or at." *Owens*, 769 A.2d at 1222. The WCJ nonetheless dismissed the claimant's claim petition because he signed a contract for hire with the employer agreeing that the exclusive remedy for workers' compensation was in the state of Indiana. The Board affirmed. We reversed reiterating that the focus of Section 305.2 of the Act is on the claimant's employment and not the employer. We found the claimant did not sign an agreement "localizing his employment" in Indiana. *Id.* at 1224. Because there was no dispute that the claimant's employment was principally localized in Pennsylvania, we found the claimant could pursue workers' compensation benefits within the Commonwealth.

In the instant matter, there is no issue concerning an agreement to localize Claimant's employment in another state. Moreover, even though the WCJ in *Owens* did indicate the claimant's employment in that matter was principally localized in Pennsylvania, he did so finding the employer had a place of business within the state and that the claimant regularly worked at or from that place of business. The WCJ's findings in that instance were made under Section 305.2(d)(4)(i) of the Act, not Section 305.2(d)(4)(iii) of the Act. *Owens* does not apply to the matter before us.

nine assignments that did not originate in Pennsylvania, the claimant spent time driving through Pennsylvania. Interestingly, in *Robbins,* although 40% of the claimant's loads originated in Pennsylvania, there is no indication of how much mileage was actually driven in Pennsylvania. No driver's logs were submitted in *Robbins,* whereas in the instant matter, 38% of Claimant's actual mileage was accrued in the Commonwealth, the most of any state. The facts of the instant matter arguably are more in Claimant's favor than the facts in *Robbins.*

This Court acknowledges that no jurisdiction was found in *Lambie* despite the fact that the injured employee explained that he spent two days per week working in Pennsylvania. The WCJ, in that matter, however, rejected the claimant's testimony. Claimant's testimony herein was found credible.[6]

Based upon our review, we believe the Board erred in determining that jurisdiction was lacking in the instant matter. We reverse the order of the Board and reinstate the decision of the WCJ dated November 17, 2008 that awarded Claimant workers' compensation benefits.[7]

### ORDER

AND NOW, this 29th day of July, 2010, the order of the Workers' Compensation Appeal Board in the above-captioned matter is reversed. The decision of the WCJ dated November 17, 2008 awarding Claimant workers' compensation benefits is reinstated.

---

**6.** Employer cites language in *Pugh v. Workers' Compensation Appeal Board (Transpersonnel, Inc.),* 858 A.2d 641, n. 8 (Pa.Cmwlth.2004), that "[o]ne third of [a claimant's] time does not necessarily equate with substantial service in Pennsylvania." Employer suggests that *Pugh* controls the instant matter and warrants a finding that Claimant's employment was not principally localized in Pennsylvania. We reject Employer's contention. The claimant, in *Pugh,* asserted that subject matter jurisdiction over his work-related injury lay within the Commonwealth. He claimed, in part, that he was always dispatched from Pennsylvania and he spent one-third of his time in Pennsylvania as a driver trainer. We found, however, that *no evidence to support the claimant's contention was found in the record.* In a one sentence analysis we dismissed the claimant's argument that his employment was principally localized in Pennsylvania under Section 305.2(d)(4)(iii) of the Act as there was no evidence of record to support the injured

worker's claim. While the excerpt cited by Employer does appear earlier in our opinion in *Pugh,* it was not dispositive of the appeal. Moreover, to say that one-third of a claimant's time in Pennsylvania *"does not necessarily equate* with substantial service" in the Commonwealth does not forever preclude a claimant from establishing jurisdiction in Pennsylvania based on a similar percentage of time working within the state. Claimant, in the instant matter, spent 38% of his work time in the Commonwealth, a greater percentage than any other state. Unlike in *Pugh,* there is evidence of record to support this claim. *Pugh* does not control.

**7.** Because we find Claimant established jurisdiction in Pennsylvania pursuant to Section 305.2(a)(1) and (d)(4)(iii) of the Act, we need not address Claimant's alternative theory that jurisdiction lies within Pennsylvania under Section 305.2(a)(2) of the Act.