John N. Campbell, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

Argued September 14, 1979, before Judges Men-
cer, Blatt and MacPhail, sitting as a panel of three.

*Thomas E. Martin, Jr.,* for petitioner.

*John L. Heaton,* Assistant Attorney General, for
respondent.

Opinion by Judge Mencer, December 7, 1979:

State Trooper John N. Campbell (petitioner) has
appealed a 30-day suspension imposed by a discipli-
nary board for second-level violations of the State
Police Field Regulations. We affirm.

Petitioner presses numerous procedural due pro-
cess arguments, only three of which merit discussion.
Petitioner first argues that he was denied due process
because his counsel was not allowed to actively partici-
pate in the proceedings. We have recently held, how-
ever, that due process does not require counsel to be
allowed to actively participate in second-level proceed-

576

ings. *Morgan v. Pennsylvania State Police*, 43 Pa. Commonwealth Ct. 345, 402 A.2d 327 (1979). Furthermore, counsel in this case was allowed to give an opening and a closing statement, conduct direct examination of petitioner, and consult at all times with petitioner during the hearing.

Petitioner next contends that he was denied due process because he was not allowed to have a stenographer present at the hearing to transcribe the testimony. The law is clear, however, that a tape recording, which was used here, is sufficient in an administrative hearing: "Due process is afforded to any party, regardless of whether the testimony is taken by a stenographer or first taken by a tape recorder and then duly transcribed by a stenographer." *Sharp's Convalescent Home v. Department of Public Welfare*, 7 Pa. Commonwealth Ct. 623, 628, 300 A.2d 909, 911 (1973).

Petitioner's last claim is that the proceedings were defective because the Board did not make specific findings concerning his allegations that the charges against him were fabricated and that the charges were brought because of his religious beliefs. We disagree. An administrative agency is not required to set forth findings. Specifically noting the rejection, and reasons for such rejection, of each and every allegation of a party. *Application of Midwestern Fidelity Corp.*, 26 Pa. Commonwealth Ct. 211, 363 A.2d 892 (1976). The record here supports the determination of the Board, and we perceive no error in the Board's action.

Accordingly, we enter the following

ORDER

AND Now, this 7th day of December, 1979, the order of the Departmental Disciplinary Board, dated September 14, 1978, ordering the suspension of Tpr. John N. Campbell, is hereby affirmed.