648 A.2d 1306

Letty ASHE, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (DEPARTMENT OF LABOR AND INDUSTRY), Respondent.

Commonwealth Court of Pennsylvania.

Submitted Aug. 19, 1994.

Decided Sept. 27, 1994.

Preston T. Younkins, for petitioner.

Terry L. Jordan, for respondent.

Before McGINLEY and NEWMAN, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

Letty Ashe (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that affirmed a referee's decision that granted a termination petition on behalf of Evergreen Homes Inc. (Employer) and terminated Claimant's benefits effective August 26, 1992. We affirm.

On November 9, 1990, while attempting to move a patient, Claimant suffered a work-related back injury described as "lumbar sprain/lumbar disc syndrome." Employer's insurer, the State Workers' Insurance Fund (SWIF) issued a notice of compensation payable providing Claimant with $250.50 in weekly benefits based upon an average weekly wage of $375.76. On September 14, 1992, Employer filed a termination petition alleging that Claimant had fully recovered from her injury as of August 26, 1992.[1] Claimant filed an answer denying Employer's allegations.

A referee's hearing was held at which both parties presented evidence. Based on Employer's medical evidence the referee concluded that as of August 26, 1992, Claimant had fully recovered from her work related injury and was able to return to her job without any restrictions. The referee's relevant findings are:

> 6. In support of its petition the Employer submitted a deposition of Lloyd K. Richless, M.D. Dr. Richless is Board Certified in Family Practice. Most of his practice is devoted to occupational medicine. He examined the Employee on March 22, 1991 and on August 26, 1992. The Employee submitted a deposition of Jose G. Amayo, M.D. Dr. Amayo is Board Certified in Physical Medicine and Rehabilitation; he evaluated the Employee on April 15, 1991 and has actively treated her since September 24, 1992.

1. Employer's request for supersedeas was denied.

7. Dr. Richless found various inconsistencies during his examinations of the Employee. He felt that her injury was a thoracic-lumbar strain from which she had recovered at the time of his second examination. He found various inconsistencies and signs of symptom magnifications. Dr. Amayo's present diagnosis is a bulging disc at the L4–L5 level of her spine. Based upon a CAT scan performed on January 7, 1991 both Dr. Richless and Dr. Amayo felt that the Employee had a herniated spinal disc at the L4–L5 level. They agree that at the time of an MRI study done on October 1, 1992 the Employee did not have a herniated disc. They disagreed as to the present status of the Employee's injury and as to her ability to return to employment.

8. The testimony of Dr. Richless is credible and persuasive. I accept and adopt his medical opinions as to the Claimant's injury and disability. I find as fact that as of Dr. Richless' second examination on August 2, 1992 the Employee had no objective signs of her injury. I find that on that date she had signs of symptom magnification, including sensitivity to light touch and allegations of back pain produced by squatting and by simulated back rotations. I find that as of August 26, 1992 the Employee had fully recovered from her work related injury and was then able to return to her time of injury work without any restriction caused by that injury.

9. I reject the testimony of Dr. Amayo where it conflicts with or differs from that of Dr. Richless.

10. I reject the Employee's testimony as to her limitations, including but not limited to her testimony that she has difficulty sitting, standing and walking.

Referee's Decision, May 17, 1993, at 3–4.

The Board affirmed the referee's grant of Employer's termination petition. Claimant appeals here.

Before this Court Claimant contends that the Board applied the wrong standard of review in accepting the referee's determination that Dr. Richless, Employer's medical expert, was more credible than Dr. Amayo, Claimant's treating physician;

and that the referee erred in terminating Claimant's benefits because she still suffers from a residual psychogenic disability. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. *Loose v. Workmen's Compensation Appeal Board (John H. Smith Arco Station)*, 144 Pa.Commonwealth Ct. 332, 601 A.2d 491 (1993).

Claimant's first contention is that the referee erred by failing to give deference to the testimony of Claimant's treating physician as required by the "treating physician's rule" set forth in 20 C.F.R. § 404.1527 (1994),[2] a federal regulation adopted by the Social Security Administration.

 However, our state workers' compensation authorities are not subject to federal social security regulations and 20 C.F.R. § 404.1527 is inapplicable in this case.[3] In *Sheles-tak v. Workmen's Compensation Appeal Board (Bethlehem Mines Corp.)*, 131 Pa.Commonwealth Ct. 582, 571 A.2d 516 (1990), this Court noted that the weighing of testimony is solely within the province of the referee, and his decision to accept testimony of one competent witness over another will not be disturbed on appeal. *Id.* at 584–85, 571 A.2d at 518. Accordingly, we hold that the referee did not err in finding the testimony of Dr. Richless, Employer's medical expert to be more credible than that of Dr. Amayo, Claimant's treating physician.

 Claimant's second contention is that she still suffers from a residual psychogenic disability. We note that the notice of compensation payable issued by SWIF describes Claimant's injury only as "lumbar sprain/lumbar disc syndrome." However, Claimant contends that this case is con-

---

2. This regulation states that treating physicians "may bring a unique perspective to the medical evidence that cannot be obtained from . . . an individual examination such as consultant's examinations or consultations." 20 C.F.R. § 404.1527 (1994).

3. Adoption of such a rule constitutes a policy decision which is best left to the agency to adopt or the General Assembly to enact and cannot be imposed by this Court.

trolled by our decision in *County of Dauphin v. Workmen's Compensation Appeal Board (Davis)*, 136 Pa.Commonwealth Ct. 140, 582 A.2d 434 (1990), *petition for allowance of appeal denied*, 528 Pa. 614, 596 A.2d 160 (1991) wherein we held that an employer had not met its burden of proving that all of the claimant's disability had ceased where the employer's medical expert conceded that the claimant remained physically disabled as a result of an emotional or mental abnormality or conflict. *Id.* 136 Pa.Cmwlth. at 144–45, 582 A.2d at 436–37. The doctor termed this condition a "functional overlay" which may compound or even obscure a true organic disease. *Id.*

In the present case Claimant relies on the testimony of Dr. Amayo, her treating physician, to establish a continuing psychogenic disability. Dr. Amayo did testify that Claimant continued to suffer from an anxiety disorder as a result of her injury. Dr. Amayo's Deposition, March 18, 1993, at 30–32; Reproduced Record (R.R.) at 21a–23a. Nevertheless, the referee specifically rejected the testimony of Dr. Amayo to the extent that it was inconsistent with the opinion of Dr. Richless, who did not find that Claimant had any remaining psychological problems. Referee's Decision, Finding of Fact Nos. 8–10. As a result, *County of Dauphin* is factually distinguishable.

The order of the Board is affirmed.

## ORDER

AND NOW, this 27th day of September, 1994 the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.